IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

**In re:**

| | | |
|---|---|---|
| **GREGORY B. MYERS** | * | |
| | * | Case No. 15-26033 WIL |
| Debtor. | * | Chapter 11 |
| | * | |
| _____ | * | |
| | | |
| **GREGORY B. MYERS** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Adversary Proceeding No. _____ |
| | * | |
| **NAVY FEDERAL CREDIT UNION** | * | |
| P.O. Box 3000 | * | |
| Merrifield, Virginia 22119 | * | |
| | * | |
| Serve: Cutler Dawson | * | |
| President and CEO | * | |
| Navy Federal Credit Union | * | |
| 820 Follin Ave | * | |
| Vienna, Virginia | | |
| | * | |
| Defendant. | * | |
| _____ | | |

**DEBTOR'S COMPLAINT TO DETERMINE PRIORTY AND EXTENT
OF LIEN OF NAVY FEDERAL CREDIT UNION, OBJECTION TO
<u>PROOF OF CLAIM NO. 1 AND NOTICE OF OBJECTION</u>**

Gregory B. Myers ("Debtor" or "Plaintiff")), by and through his attorneys, James M. Greenan, Esq., Craig M. Palik, Esq. and McNamee, Hosea, Jernigan, Kim, Greenan & Lunch P.A., hereby files this Complaint to Determine Priority and Extent of Lien of Navy Federal Credit Union, Objection to Proof of Claim No. 1 and Notice of Objection (the "Complaint") pursuant to Rules 3003, 3007 and 7001 of the Federal Rules of Bankruptcy Procedure, and for

1

cause states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B) and (K).

3. Venue lies properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## PARTIES

4. The Plaintiff and Debtor herein is a resident of the state of Florida.

5. Defendant Navy Federal Credit Union is a federal credit union headquartered in Vienna, Virginia.

## FACTS

6. On November 18, 2015 (the "Petition Date") the Debtor commenced the above referenced case under Chapter 11 of the United States Bankruptcy Code.

7. Since the Petition Date, the Debtor has continued in possession of his assets and has operated as a Debtor-in-Possession under §§ 1107 and 1108 of the Code. No committee of unsecured creditors has been appointed in this case.

8. On January 5, 2016, Navy Federal Credit Union filed a Proof of Claim (the "POC") docketed as Claim No. 1 in the above referenced Chapter 11 Case, in the secured amount of $709,042.54, a copy of which is attached hereto as **Exhibit A**.

9. Navy Federal Credit Union's alleged secured claim is based upon an alleged unpaid mortgage loan purportedly secured by a lien against property known as 700 Gulf Shore

2

Blvd. N., Naples, Florida 34102 (the "Property").

10. Navy Federal Credit Union's alleged secured claim of $709,042.54 purports to be supported by the following attachments to the POC: (a) Official Form 410A Mortgage Proof of Claim Attachment (incomplete without a loan payment history included); (b) a "Note" dated August 18, 2007 purportedly signed by the Debtor (the "Note"); and (c) a "Mortgage" dated August 18, 2007 purportedly signed by the Debtor and his non-filing spouse, Barbara Ann Kelly (the "Mortgage").1

11. Debtor objects to the amount of Navy Federal Credit Union's POC and seeks a determination of the Court that any and all claims under the Note have been fully released, and that Navy Federal Credit Union's claim is not secured by the Property, or any other property.

## COUNT I
### (Objection to Proof of Claim 11 U.S.C §502, Fed.R.Bank.P. 3007)

12. Plaintiff incorporates by reference the allegations contained in paragraphs 1-11 of the Complaint.

13. Any purported claims held by Navy Federal Credit Union against the Debtor under the Note, and/or against the Debtor and/or Barbara Ann Kelly under the Mortgage, were fully released pursuant to a settlement agreement dated December 14, 2010 by and between Gregory B. Myers and Navy Federal Credit Union (the "Settlement Agreement"). A copy of the Settlement Agreement is attached hereto as "**Exhibit B**."

14. The Settlement Agreement was executed by Gregory B. Myers and Navy Federal Credit Union (by it representative Linda Fridley), and their respective Counsel. The Settlement

---

1 Attached to the Mortgage submitted by Navy Federal Credit Union (POC, Page 14 of 14) is an

Agreement contains at paragraph 1 thereto the following full mutual release of any and all claims between the parties:

> 1. The parties agree to a full mutual release of any and all claims between the parties, known or unknown, other than those in this Agreement and related documents.

15. The Note and Mortgage predate the Settlement Agreement by more than three years, and, therefore, fall within the "full mutual release of any and all claims between the parties, known or unknown, other than those in this Agreement and related documents." As such, Navy Federal Credit Union has fully released the Debtor from any and all claims and obligations under the Note; and further, as any and all claims and obligation under the Note have been fully released, there is no longer any debt or claims for which the Mortgage secures.

16. In addition to the foregoing, the POC also fails to include adequate supporting information of the kind required under Fed.R.Bankr.P. 3001(c) making it impossible for the Debtor to reconcile or understand what alleged charges are included in the calculation of Navy Federal Credit Union's POC.

17. Debtor's bankruptcy schedule E/F identifies only an unsecured debt owed to Navy Federal Credit Union in the amount of $18,250.00, which is consistent with the Settlement Agreement.

18. Debtor avers that the amount claimed by Navy Federal Credit Union in its POC is unsubstantiated, overstated, and not secured by the Property, or any other property, and that an unsecured claim of $18,250 is all that can be claimed against the Debtor by Navy Federal Credit Union.

---

extraneous "EXHIBIT A" which Debtor avers is not an exhibit to, or part of, the Mortgage.

WHEREFORE, Debtor respectfully requests that his objection to Navy Federal Credit Union's POC be sustained, and that Navy Federal Credit Union's POC be disallowed in its entirety, excepting only an unsecured claim of $18,250.00 in favor of Navy Federal Credit Union as scheduled on the Debtor's bankruptcy schedule E/F.

## COUNT II
### (Determination of Secured Status 11 U.S.C. §506)

19. Debtor incorporates by reference the allegations contained in paragraphs 1-18 of the Complaint.

20. Due to Navy Federal Credit Union's full release of any and all claims and obligations under the Note as set forth above, Navy Federal Credit Union holds no secured claim against the Property, or any other property.

21. Debtor avers that the amount claimed by Navy Federal Credit Union in its POC is unsubstantiated, overstated, and not secured by the Property, or any other property, and that an unsecured claim of $18,250 is all that can be claimed against the Debtor by Navy Federal Credit Union..

**WHEREFORE,** Debtor respectfully requests that Navy Federal Credit Union's claim be deemed unsecured and disallowed in its entirety, excepting only an unsecured claim of $18,250.00 in favor of Navy Federal Credit Union as scheduled on the Debtor's bankruptcy schedule E/F.

### NOTICE TO NAVY FEDERAL CREDIT UNION, CLAIMANT

Please take notice that:

**WITHIN 30 DAYS AFTER THE DATE OF SERVICE OF THE OBJECTION, THE CLAIMANT MAY FILE AND SERVE A MEMORANDUM IN OPPOSITION,**

**TOGETHER WITH ANY DOCUMENTS AND OTHER EVIDENCE THE CLAIMANT WISHES TO ATTACH IN SUPPORT OF ITS CLAIM, UNLESS THE CLAIMANT WISHES TO RELY SOLELY UPON THE PROOF OF CLAIM. AN INTERESTED PARTY MAY REQUEST A HEARING THAT WILL BE HELD IN THE COURT'S DISCRETION.**

        Respectfully submitted,

        McNAMEE, HOSEA, JERNIGAN, KIM, GREENAN & LYNCH, P.A.

        /s/ Craig M. Palik, Esq.
        _____
        James M. Greenan, Esq. (08623)
        Craig M. Palik. Esq. (15254)
        6411 Ivy Lane, Suite 200
        Greenbelt, Maryland  20770
        (301) 441-2420
        (301) 982-9450 (f)
        jgreenan@mhjlawyers.com
        cpalik@mhlawyers.com

        *Attorneys for Gregory B. Myers, Debtor*